IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EXELIXIS, INC.<br>249 East Grand Avenue<br>South San Francisco, California 94083,<br><br>     Plaintiff,<br><br>     v.<br><br>HON. JOHN J. DOLL, in his official capacity as<br>Acting Director of the United States Patent and<br>Trademark Office and Acting Under Secretary of<br>Commerce for Intellectual Property<br>Office of General Counsel, United States<br>Patent and Trademark Office, P.O. Box 15667,<br>Arlington, Virginia 22215<br>Madison Building East, Room 10B20,<br>600 Dulany Street, Alexandria, Virginia 22314,<br><br>     Defendant. | Civil Action No. _____<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Exelixis, Inc. ("Exelixis"), for its complaint against the Honorable John J. Doll, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,485,634 ("the '634 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '634 patent be changed from 41 days to 330 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and the Acting Director of the United States Patent and Trademark Office ("USPTO"), and the Deputy Under Secretary of Commerce for Intellectual Property and the Deputy Director of the USPTO, acting in his official capacity. The Acting Director is the present titular head of the USPTO, is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

4. Plaintiff Exelixis is a corporation organized under the laws of Delaware, having a principal place of business at 249 East Grand Avenue, South San Francisco, California 94083.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and Federal Rule of Civil Procedure 6(a)(3).

## BACKGROUND

8. Richard Martin, Tie-Lin Wang, Brenton T. Flatt, Xiao-Hui Gu, and Ronald Griffith are the inventors of patent application number 10/447,302 ("the '302 application"), entitled "Azepinoindole and Pyridoindole Derivatives as Pharmaceutical Agents," which issued as the '634 patent. The '634 patent concerns compounds which are useful in modulating the activity of receptors. The '634 patent is attached hereto as Exhibit A.

9. Plaintiff Exelixis is the assignee of the '634 patent, as evidenced by records in the USPTO, and is the real party-in-interest in this case.

10. 35 U.S.C. § 154 requires that the Director of the USPTO grant a patent term adjustment in accordance with the provisions of § 154(b). Specifically, 35 U.S.C § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating the patent term adjustment, the Director has to take into account USPTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the USPTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

13. The allegations of paragraphs 1-12 are incorporated in this claim for relief as if fully set forth herein.

14. The '302 application was filed on May 27, 2002, and issued as the '634 patent on February 3, 2009.

15. The patent term adjustment for the '634 patent, as determined by the Defendant under 35 U.S.C. § 154(b), and listed on the face of the '634 patent, is 41 days. (*See* Ex. A at 1.)

16. The determination of the 41-day patent term adjustment is in error.

17.    Pursuant to 35 U.S.C. § 154(b)(1)(B), the USPTO failed to properly account for the period of time between the date that was three years after the actual filing date of the '302 application and the date that the '302 application issued as the '634 patent.

18.    Under 35 U.S.C. § 154(b)(1)(A), the plaintiff is entitled to a 289-day adjustment to the term of the '634 patent, which is the number of days attributable to USPTO examination delay ("A Delay"). The Patent Office issued the first communication on May 12, 2005, which was 14 months plus 289 days after the filing of the application.

19.    Under 35 U.S.C. § 154(b)(1)(B), the plaintiff is entitled to an additional 306-day adjustment to the term of the '634 patent, which is the number of days by which the issue date of the '634 patent exceeds three years from the filing date of the application, but not including the number of days consumed by continued examination of the application as requested by the applicant under § 132(b) ("B Delay"). The three-year-delay period of 984 days runs from May 27, 2006 (the date that was three years after the filing date of the '302 application) until February 3, 2009 (the date on which the patent issued) and the continued examination period of 678 days runs from March 29, 2007 (the date applicants filed a Request for Continued Examination) until February 3, 2009 (the date on which the patent issued). Removing the continued examination period from the three-year-delay period yields a "B Delay" adjustment of 306 days.

20.    Section 35 U.S.C. § 154(b)(2)(A) states that "to the extent . . . periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed."

21. This Court, in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008), issued an opinion explaining the proper method for calculating patent term adjustments under 35 § 154(b).

22. Under this Court's decision in *Wyeth*, "the 'A period' and 'B period' overlap only if they occur on the same calendar day or days." *Id.*, 580 F. Supp. 2d at 140.

23. Under *Wyeth*, the plaintiff is entitled to both the "A Delay" of 289 days and the "B Delay" of 306 days, minus any overlap that occurs on the same calendar days.

24. There are no calendar days of overlap between the "A Delay" and the "B Delay."

25. The total period of USPTO delay is therefore 595 days, which is the sum of the period of "A Delay" (289 days) and the period of "B Delay" (306 days).

26. Under 35 U.S.C. § 154(b)(2)(C), the total period of USPTO delay is reduced by the period of cumulative applicant delay. During prosecution of the '302 application, the cumulative applicant delay was 265 days. The applicants filed responses to Office Actions three (3) months plus <u>66, 48, 29, 90, and 32</u> days after the mailing of the respective action, resulting in a total of 265 days under 35 U.S.C. § 154(b)(2)(C), as detailed by the following sub-paragraphs:

    a. Applicants' Response to the September 2, 2005 Office Action was filed February 6, 2006 (66 days after the 3-month date);

    b. Applicants' Response to the April 19, 2006 Office Action was filed September 5, 2006 (48 days after the 3-month date);

    c. Applicants' Response to the November 30, 2006 Office Action was filed March 29, 2007 (29 days after the 3-month date);

    d. Applicants' Response to the April 5, 2007 Office Action was filed October 3, 2007 (90 days after the 3-month date); and

e. Applicants' Response to the December 6, 2007 Office Action was filed April 7, 2008 (32 days after the 3-month date).

27. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154 is 330 days, which is the difference between the total period of USPTO delay (595 days) and the period of applicant delay (265 days).

28. On March 25, 2009, the patentee timely filed with the USPTO a Request for Reconsideration of Patent Term Adjustment under 37 CFR 1.705 (b)-(d) ("Request for Reconsideration") for the '634 patent, requesting that the patentee be granted a corrected final patent term adjustment of 330 days.

29. The Request for Reconsideration is still pending before the USPTO.

30. The Defendant's imposition of only 41 days of patent term adjustment for the '634 patent is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '634 patent term from 41 days to 330 days and requiring Defendant to alter the term of the '634 patent to reflect the 330-day patent term adjustment; and

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: July 31, 2009

Respectfully submitted,
BLANK ROME LLP

*/s/ Daniel Yonan*

Daniel E. Yonan (Bar No. 473390)
Leasa Woods Anderson (Bar No. 975050)
Blank Rome LLP
Watergate
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Telephone: 202-772-5979
Facsimile: 202-572-8429
Email: Yonan@BlankRome.com
   Anderson-lw@BlankRome.com
*Attorneys for Plaintiff*

OF COUNSEL:

Michael S. Greenfield
Jeremy E. Noe
Kurt W. Rohde
McDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001
*Attorneys for Plaintiff*